**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GENE MILEY**                                                                                        **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 2:05CV2072KS-JMR**

**JONES COUNTY JAIL, JONES COUNTY**
**SHERIFF'S DEPARTMENT, SHERIFF LARRY**
**DYKES, INDIVIDUALLY, AND IN HIS OFFICIAL**
**CAPACITY AS SHERIFF OF JONES COUNTY, NURSE**
**MELANIE WUERTZ, INDIVIDUALLY, AND IN HER**
**CAPACITY AS NURSE AT THE JONES COUNTY JAIL;**
**BHARAT PATEL, M.D., INDIVIDUALLY, AND IN HER**
**OFFICIAL CAPACITY AS CONTRACT PHYSICIAN FOR**
**THE JONES COUNTY JAIL; JOHN DOE PERSONS 1-5 AND,**
**JOHN DOE ENTITIES 1-5**                                                      **DEFENDANTS**

**SHERIFF LARRY DYKES'**
**ANSWER TO AMENDED COMPLAINT**

Comes now defendant Sheriff Larry Dykes, by and through counsel, and in response to Plaintiff's Amended Complaint would state as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails to state a cause of action upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

The Amended Complaint fails to state facts against Sheriff Dykes, which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

## THIRD DEFENSE

The Amended Complaint fails to allege a violation of a clearly established constitutional right.

## FOURTH DEFENSE

At all times, Sheriff Dykes' conduct was objectively reasonable.

## FIFTH DEFENSE

Sheriff Dykes is protected by and invokes the immunities from suits at law and in equity as contemplated by Miss. Code Ann. § 11-46-1, *et seq.*

## SIXTH DEFENSE

The plaintiff has failed to allege a policy, practice, or custom of Jones County which would subject it to liability under 42 U.S.C. § 1983.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, Sheriff Dykes would respond to the allegations of Plaintiff's Amended Complaint paragraph by paragraph as follows:

## INTRODUCTION

Sheriff Dykes denies the allegations of the unnumbered paragraph of Plaintiff's Amended Complaint entitled Introduction.

## JURISDICTION AND VENUE

1.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial, and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

2.

Sheriff Dykes denies the allegations of Paragraph 2 of Plaintiff's Amended Complaint.

## **PARTIES**

3.

Sheriff Dykes, upon information and belief, admits the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4.

Sheriff Dykes denies the allegations of Paragraph 4 of Plaintiff's Amended Complaint.

5.

Sheriff Dykes denies the allegations of Paragraph 5 of Plaintiff's Amended Complaint.

6.

Defendant Sheriff Larry Dykes admits that he is of the age of majority and is a citizen of and resides in Jones County, Mississippi.  Furthermore, Sheriff Dykes admits that he is the chief law enforcement officer for Jones County, Mississippi, and that his duties and powers are delineated in the laws of the State of Mississippi.  Sheriff Dykes denies the remaining allegations of Paragraph 6 of Plaintiff's Amended Complaint.

7.

The allegations of Paragraph 7 of Plaintiff's Amended Complaint concern a defendant other than Sheriff Dykes and, as such, no response is necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 7 of Plaintiff's Amended Complaint.

8.

The allegations of Paragraph 8 of Plaintiff's Amended Complaint concern a defendant other than Sheriff Dykes and, as such, no response is necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 8 of Plaintiff's Amended Complaint.

9.

The allegations of Paragraph 9 of Plaintiff's Amended Complaint concern defendants other than Sheriff Dykes and, as such, no response is necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint.

10.

The allegations of Paragraph 10 of Plaintiff's Amended Complaint concern defendants other than Sheriff Dykes and, as such, no response is necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 10 of Plaintiff's Amended Complaint.

**FACTS GIVING RISE TO CAUSES OF ACTION**

11.

Sheriff Dykes repeats and incorporates by reference every admission, denial and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

12.

Sheriff Dykes lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and, as such, denies the same.

13.

Sheriff Dykes admits that the plaintiff was seen by a Jones County Correctional Facility nurse regarding an alleged spider bite.  Sheriff Dykes denies the remaining allegations of Paragraph 13 of Plaintiff's Amended Complaint.

14.

Sheriff Dykes admits that the Plaintiff was taken to South Central Regional Medical Center.  Sheriff Dykes denies the remaining allegations of Paragraph 14 of Plaintiff's Amended Complaint.

15.

Sheriff Dykes denies the allegations of Paragraph 15 of Plaintiff's Amended Complaint.

16.

Sheriff Dykes denies the allegations of Paragraph 16 of Plaintiff's Amended Complaint.

17.

Sheriff Dykes denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint.

## COUNT I

## LIABILITY OF DEFENDANTS

18.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial and defense set forth in the proceeding paragraph as if they were specifically set out herein.

19.

Sheriff Dykes denies the allegations of Paragraph 19 of Plaintiff's Amended Complaint.

20.

Sheriff Dykes denies the allegations of Paragraph 20 of Plaintiff's Amended Complaint.

21.

Sheriff Dykes denies the allegations of Paragraph 21 of Plaintiff's Amended Complaint, including subparagraphs (a) through (i).

22.

Sheriff Dykes denies the allegations of Paragraph 22 of Plaintiff's Amended Complaint.

23.

Sheriff Dykes denies the allegations of Paragraph 23 of Plaintiff's Amended Complaint.

24.

Sheriff Dykes denies the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

## COUNT II

## DEPRIVATION OF DUE PROCESS

25.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

26.

Sheriff Dykes denies the allegations of Paragraph 26 of Plaintiff's Amended Complaint.

27.

Sheriff Dykes denies the allegations of Paragraph 27 of Plaintiff's Amended Complaint.

28.

Sheriff Dykes denies the allegations of Paragraph 28 of Plaintiff's Amended Complaint.

29.

Sheriff Dykes denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.

Sheriff Dykes denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.

Sheriff Dykes denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

## COUNT III

## <u>JOHN DOE ENTITY'S LIABILITY</u>

32.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

33.

The allegations of Paragraph 33 of Plaintiff's Amended Complaint concern defendants other than the Sheriff Dykes and, as such, a response is not necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 33 of Plaintiff's Amended Complaint.

## COUNT IV

## <u>JOHN DOE PERSONS' LIABILITY</u>

34.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

35.

The allegations of Paragraph 35 of Plaintiff's Amended Complaint concern defendants other than the Sheriff Dykes and, as such, a response is not necessary.  To the extent a response is deemed necessary, Sheriff Dykes denies the allegations of Paragraph 35 of Plaintiff's Amended Complaint

## PUNITIVE DAMAGES

36.

Sheriff Dykes repeats and incorporates by reference each and every admission, denial and defense set forth in the proceeding paragraphs as if they were specifically set out herein.

37.

Sheriff Dykes denies the allegations of Paragraph 37 of Plaintiff's Amended Complaint.

As for the last unnumbered paragraph which commences "WHEREFORE, PREMISES CONSIDERED," Sheriff Dykes denies each and every allegation contained therein and would affirmatively state that Plaintiff is not entitled to any recovery whatsoever.

## EIGHTH DEFENSE

Sheriff Dykes is protected by and invokes all the immunities granted by judicial, common law and statutory sovereign immunity.

## NINTH DEFENSE

Sheriff Dykes avers that he cannot be held liable for the actions of his employees and/or agents as 42 U.S.C. § 1983 does not provide for *respondeat superior* liability.

## TENTH DEFENSE

Sheriff Dykes denies that he has been guilty of any actionable conduct.

### ELEVENTH DEFENSE

Sheriff Dykes alleges that he met or exceeded the requirements of law and due care and that it was guilty of no acts or omissions which either caused or contributed to the incident in question.

### TWELFTH DEFENSE

Sheriff Dykes alleges that Plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

### THIRTEENTH DEFENSE

Plaintiff is guilty of negligence which was the sole, proximate and only cause of his injury.

### FOURTEENTH DEFENSE

While denying liability to the Plaintiff, Sheriff Dykes alleges that Plaintiff's actions caused or contributed to his injuries and damages, if any; therefore, any award should be diminished accordingly as provided by Miss. Code Ann. § 11-7-15.

### FIFTEENTH DEFENSE

Sheriff Dykes while denying any responsibility or liability to the Plaintiff for any purported damages, invokes Miss. Code Ann. § 85-5-7 (1972) insofar as it pertains to apportionment of damages.

## SIXTEENTH DEFENSE

Sheriff Dykes, while denying any liability in the premises, would allege that if the Plaintiff is entitled to recover damages, those damages were due to or caused by person or persons over whom Sheriff Larry Dykes has no control and, therefore, Plaintiff's Amended Complaint should be dismissed as to Sheriff Larry Dykes.

Respectfully submitted,

SHERIFF LARRY DYKES

BY:    /William R. Allen_____-
       Robert O. Allen
       William R. Allen
       His Attorneys

ROBERT O. ALLEN (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
ALLEN, ALLEN, BREELAND & ALLEN, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647

<u>CERTIFICATE</u>

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for defendants, hereby certify that on May 26, 2006 that I electronically filed the above and foregoing Answer to Amended Complaint on behalf of Sheriff Larry Dykes via the ECF system which gave notice of such filing to the following:

Larry Stamps, Esq.
lstamps@bellsouth.net

Alton E. Peterson, Esq.
aepeters@bellsouth.net


/William R. Allen_____
OF COUNSEL