**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GENE MILEY**                                                             **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 2:05-CV-2072-KS-JMR**

**JONES COUNTY JAIL, JONES COUNTY
SHERIFF'S DEPARTMENT, SHERIFF LARRY
DYKES, INDIVIDUALLY, AND IN HIS OFFICIAL
CAPACITY AS SHERIFF OF JONES COUNTY, NURSE
MELANIE WUERTZ, INDIVIDUALLY, AND IN HER
CAPACITY AS NURSE AT THE JONES COUNTY JAIL;
BHARAT PATEL, M.D., INDIVIDUALLY, AND IN HER
OFFICIAL CAPACITY AS CONTRACT PHYSICIAN FOR
THE JONES COUNTY JAIL; JOHN DOE PERSONS 1-5 AND,
JOHN DOE ENTITIES 1-5**                                       **DEFENDANTS**

**OPPOSITION TO SHERIFF LARRY DYKES' MOTION
TO DISMISS BASED UPON QUALIFIED IMMUNITY**

COMES NOW the plaintiff, Gene Miley, through counsel, and files this his Opposition to Sheriff Larry Dykes' Motion to Dismiss Based Upon Qualified Immunity and in support thereof would respectfully show unto the Court the following, to wit:

1. Following the Plaintiff's amended complaint, this suit was removed to the Southern District of Mississippi, Hattiesburg Division, asserting the jurisdiction of this Court based on a federal question. Plaintiff has asserted allegations based on 42 U.S.C. § 1983 for violations of the Plaintiff's constitutional rights.

2. Sheriff Larry Dykes was named as a co-defendant for failure to provide "appropriate medical treatment" to Plaintiff.

3. According to well established Mississippi law, the doctrine of Qualified Immunity does not absolutely insulate, from liability, a person acting in his official capacity. *Thronhill v. Breazeale*,

88 F. Supp.. 2d 647 S.D. Miss. (1997).

4. A public official is not shielded by Qualified Immunity if his breach of a legal duty causes injury and that duty is ministerial in nature. *Dependants of Reid v. City of Canton* 858 So.2d 163 Miss. App. Ct. (2003).

5. It has firmly been established by the United States Supreme Court that Qualified Immunity will only be held after an analysis of the claim taken in the light most favorable to the party asserting the injury.. *Saucier v. Katz* 533 U.S. 194 (2001).

6. The Plaintiff hereby incorporates his Memorandum in Support of his Opposition to the Motion to Dismiss by reference thereto.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that Defendant's motion be denied.

                RESPECTFULLY SUBMITTED,

                GENE MILEY

                BY: s/Alton E. Peterson
                    LARRY STAMPS, MSB #7773
                    ALTON E. PETERSON, MSB #99222
                    ATTORNEYS FOR GENE MILEY

OF COUNSEL:

STAMPS & STAMPS
ATTORNEYS AT LAW
269 EAST PEARL STREET
JACKSON, MISSISSIPPI 39201
POST OFFICE BOX 2916
JACKSON, MISSISSIPPI 39207-2916
TELEPHONE: (601) 354-4747

# CERTIFICATE OF SERVICE

I, Alton E. Peterson, attorney for plaintiff, hereby certify that on June 22, 2006, I electronically filed the foregoing with the Clerk of the Court, using the ECF system, which sent notification of such filing to the following:

>ROBERT O. ALLEN, ESQ.
>WILLIAM R. ALLEN, ESQ.
>ALLEN, ALLEN, BREELAND & ALLEN, PLLC
>POST OFFICE BOX 751
>BROOKHAVEN, MS 39602-0751

This, the 22nd day of June, 2006.


BY: s/Alton E. Peterson
    ALTON E. PETERSON, MSB #99222
    LARRY STAMPS, MSB #7773
    ATTORNEYS FOR PLAINTIFF