IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GENE MILEY                                                                               PLAINTIFF

V.                                                  CIVIL ACTION NO. 2:05CV2072KS-JMR

JONES COUNTY JAIL, JONES COUNTY
SHERIFF'S DEPARTMENT, SHERIFF LARRY
DYKES, INDIVIDUALLY, AND HIS OFFICIAL
CAPACITY AS SHERIFF OF JONES COUNTY,
AND NURSE MELANIE WUERTZ, INDIVIDUALLY,
AND IN HER CAPACITY AS NURSE AT THE JONES
COUNTY JAIL; BHARAT PATEL, M.D. INDIVIDUALLY,
AND IN HER CAPACITY AS CONTRACT PHYSICIAN
FOR THE JONES COUNTY JAIL; JOHN DOE PERSONS
1-5 AND JOHN DOE ENTITIES 1-5                                              DEFENDANTS

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S RESPONSE TO SHERIFF LARRY DYKES'
MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY**

**I.     FACTS**

On December 30, 2004, Plaintiff filed suit against the Jones County Jail, Jones County Sheriff's Department, and certain John Doe's in the Circuit Court of Jones County, Mississippi, after he was refused adequate medical treatment while incarcerated in the Jones County Jail. *Complaint* ¶ 8-13. Plaintiff was bitten several times by a spider in July, 2003, and was told by the "jail nurse" that the "sores on his legs were only ingrown hairs." *Complaint* ¶ 9-10. Plaintiff's condition was allowed to deteriorate until finally, on August 12, 2003, he was taken to the hospital. *Complaint* ¶ 11. Plaintiff's original claims were brought in state court.

On September 23, 2005 Plaintiff amended his complaint to include claims under 42 U.S.C.

§ 1983 to include statements that the Jones County Sheriff's Department, Sheriff Larry Dykes, Nurse Melanie Wuertz, and Bharat Patel, M.D. by virtue of their egregious refusal to provide plaintiff with timely medical treatment, violated his constitutional rights by depriving him of rights guaranteed him by the United States Constitution. On May 26, 2006 Larry Dykes answered Plaintiff's Amended Complaint by asserting that he was entitled to Qualified Immunity.

## II. LEGAL ARGUMENT

### A. **QUALIFIED IMMUNITY DOES NOT INSULATE FROM LIABILITY A PERSON ACTING IN HIS OFFICIAL CAPACITY**

While the Plaintiff was incarcerated, Defendant Sheriff Larry Dykes, was acting in the course and scope of his employment. The actions taken by Defendant Dykes were in furtherance of his occupation. Defendant Dykes was bound to act in accordance with the rules and regulations that govern his position as Sheriff. Thus, it would be reasonable to assume that Defendant Dykes was acting and/or working in an official capacity when the alleged violations of the Plaintiff's constitutional rights occurred. Accordingly, Mississippi State law establishes that the doctrine of qualified immunity does not insulate from liability a person acting in his official capacity. *Thronhill v. Breazeale*, 88 F. Supp.. 2d 647 S.D. Miss. (1997).

### B. **A PUBLIC OFFICIAL IS NOT SHIELDED BY QUALIFIED IMMUNITY IF HIS BREACH OF LEGAL DUTY CAUSES INJURY AND THAT DUTY IS MINISTERIAL IN NATURE**

Mississippi Courts have oft-held on numerous occasions that:

A public official is shielded by qualified public official immunity *unless*: his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) the governmental actor commits an intentional tort. *Dependants of Reid v. City of Canton*, 858 So.2d 163 (Miss. App. 2003) Emphasis Added; *Brumfield v. Lowe*, 744 So.2d 383 (Miss. 1999); *Martin v. Memorial Hosp. At Gulfport*, 130 F. 3d 1143 (Miss. 1997)

Defendant Dykes had a duty to ensure the safety and well being of the Plaintiff. Defendant Dykes' egregious and willful disregard of this duty prevented plaintiff from receiving proper medical attention. The plaintiff's injury was allowed to deteriorate to a point where the deterioration nearly resulted in a loss of plaintiff's leg. Plaintiff went weeks without adequate treatment. Defendant Dykes was required to work within the confines of his employment to insure that plaintiff received adequate and timely medical attention. Moreover, his duties were ministerial in that they involved obedience to set laws or instructions. *Black's Law Dictionary* 414 (Pocket Edition 1996). There existed, at the time of Plaintiff's ordeal, clearly established guidelines and standards of protocol that were simply ignored by Defendant Dykes.

**C.     QUALIFIED IMMUNITY SHOULD ONLY BE FOUND TO EXIST AFTER THERE HAS BEEN AN ANALYSIS OF THE CLAIMS MADE BY THE INJURED PARTY**

The Supreme Court has ruled that a court required to rule upon Qualified Immunity must consider the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right". *Saucier v. Katz* 533 U.S. 194 (2001). Therefore, Qualified Immunity is not an absolute right, but an assertion that should lead to an analysis of the sufficiency of the constitutional claims alleged. Further, an inquiry should be made as to whether or not it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted. *Id.* It would not be beyond the limits of acceptability to assert that a reasonable officer would have perceived the severity of the Plaintiff's condition, especially when his injury was allowed to deteriorate over period of weeks while confined in Defendant's jail.

WHEREFORE, PREMISES CONSIDERED the Plaintiff asserts that this Motion is without

merit and should therefore be granted.

                                      RESPECTFULLY SUBMITTED,

                                      GENE MILEY


                              BY:    s/Alton E. Peterson
                                         LARRY STAMPS, MSB # 7773
                                         ALTON E. PETERSON, MSB #
                                         ATTORNEYS FOR THE PLAINTIFF

OF COUNSEL:

STAMPS & STAMPS
ATTORNEYS AT LAW
269 EAST PEARL STREET
JACKSON, MISSISSIPPI  39201
POST OFFICE BOX 2916
JACKSON, MISSISSIPPI 39207-2916
TELEPHONE:  (601) 354-4747